## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Burton J. Rubin

v.

William A. Maloney

May 11, 2007

Case No. CL06003974

BY JUDGE JOHN E. KLOCH

In this lawsuit Plaintiff has sued his former employer, the American Society of Travel Agents, Inc. ("ASTA"), claiming damages arising from his termination of employment. Plaintiff had served as ASTA's General Counsel for over twenty years. Defendant is ASTA's Executive Vice President and Chief Operating Officer. On November 20, 2006, Plaintiff filed a four-count complaint alleging, *inter alia*, tortious interference with contract not terminable at will (Count I) and tortious interference with contract terminable at will (Count II).

Count I refers to Defendant's alleged violation of ASTA's Policy on Suspected Misconduct and Dishonesty ("the Policy"), adopted by ASTA's Board of Directors in February 2005 to meet the requirements of whistle blower protection under the Sarbanes-Oxley Act of 2002. Count II concerns Plaintiff's "at-will" employment with ASTA.

Pursuant to the Policy, Plaintiff is obliged to comply with standards of conduct and ethics and to report departures from the standards set forth in the Policy. In consideration thereof, ASTA has promised that:

> No ASTA employee shall be discharged, reprimanded, or otherwise disciplined, or disadvantaged in any term or condition of his or her employment for providing, in good faith, truthful information about wrongful conduct under this Policy, even if it

is ultimately determined that the concern was unwarranted. Any supervisor who engages in any act of retaliation against an employee for raising a concern under this Policy shall be subject to immediate dismissal from ASTA.

Beginning in May 2006, Plaintiff alleges he reported to Defendant or other ASTA management multiple instances of fraud, dishonesty, misconduct, or violations of ethical standards as required by the Policy. Plaintiff claims his whistle-blowing caused Defendant to become increasingly hostile, eventually culminating in Plaintiff's termination.

The Virginia Supreme Court recognized the existence of a cause of action for intentional interference with the performance of a contract "between another and a third person by inducing or otherwise causing the third person not to perform the contract." *Chaves v. Johnson*, 230 Va. 112, 120, 335 S.E.2d 97 (1985). The Virginia Supreme Court also recognized that an action in tort lies against those who conspire to induce a breach. *Bowman v. State Bank of Keysville*, 229 Va. 534, 540, 331 S.E.2d 797 (1985). There must be two persons to comprise a conspiracy, and a corporation, like an individual, cannot conspire with itself. *Id*. Thus, a third party is necessary to create an actionable conspiracy to induce a breach of contract. *Id*. at 541.

A corporation acts only through its employees and, consequently, the acts of its employees, within the scope of their employment, constitute the acts of the corporation. *United States v. T.I.M.E.-D.C., Inc.*, 381 F. Supp. 730, 738 (W.D. Va. 1974). In the absence of allegations of conspiracy with a third party to breach a contract, the claim must fail unless the defendant was acting outside of the scope of his employment. *See Fox v. Deese*, 234 Va. 412, 362 S.E.2d 699 (1987).

In his Demurrer, Defendant contends Plaintiff has failed to allege any action that was taken in Defendant's individual capacity. Defendant continues, conversely, the actions complained of could only have been taken by Defendant within his corporate capacity.

Plaintiff responds, the Policy is a separate, bilateral agreement, between Plaintiff and ASTA, requiring ASTA to forbear from doing certain things, such as discharging or reprimanding an employee, in exchange for employees' promise to report suspected dishonesty. *Citing Sea-Land Service, Inc. v. O'Neal*, 224 Va. 343, 349, 297 S.E.2d 647 (1982) (The defendant's promise that, if the plaintiff resigned from one position, she would be employed in another was separate and apart from her employment contract).

Plaintiff continues, the determination of whether Count I states a cause of action turns on the resolution of the scope of employment question. *Citing Fox v. Deese*, 234 Va. 412, 362 S.E.2d 699 (1987). Plaintiff argues his termination was violative of the Policy and, therefore, Defendant was, *ipso facto*, operating in a manner contrary to the interests of ASTA. Simply put, by acting outside the dictates of the Policy, Defendant was acting outside the scope of his employment.

In *Tri-State Coach Corp. v. Walsh*, 188 Va. 299, 49 S.E.2d 363 (1948), the Virginia Supreme Court explained "an act is within the scope of the employment if (1) it be something fairly and naturally incident to the business, and (2) if it be done while the servant was engaged upon the master's business and be done, although mistakenly or ill-advisedly, with a view to further the master's interests, or from some impulse or emotion which naturally grew out of or was incident to the attempt to perform the master's business, and did not arise wholly from some external, independent, and personal motive on the part of the servant to do the act upon his own account" *Id.* at 307 (*citing 2 Mechem on Agency* (2d ed.), section 196).

In the present case, Defendant acts naturally grew out of or was incident to his attempt to perform ASTA's business. Defendant's acts may have been ill-advised, as potentially inconsistent with the terms of the policy. *Cf. Sea-Land Service, Inc. v. O'Neal*, 224 Va. 343, 297 S.E.2d 647 (Plaintiff-employee's cause of action lay in contract opposed to tortious interference with a contract). If that be the case, Defendant may be compelled to rationalize his actions to ASTA's Board of Directors, but not to a jury. Nonetheless, because Defendant was acting within the scope of his employment, there was no third person available for Defendant to intentionally interfere with.

Virginia has long adhered to the common law doctrine of employment "at will" where, when a term of employment cannot be determined from the contract, either party is at liberty to terminate the contract at any time for any reason, upon reasonable notice. *Lockhart v. Commonwealth Education Systems Corp.*, 247 Va. 98, 102, 439 S.E.2d 328 (1994). However, this rule is not absolute. *Bowman v. State Bank of Keysville*, 229 Va. 534, 539, 331 S.E.2d 797 (1985). In 1985, Virginia joined a growing number of states that have carved out a narrow exception to the "at will" doctrine. If an employee is discharged in violation of an established public policy, she may proceed with a tort action for wrongful discharge against her employer. *Id.* at 540. The *Bowman* exception is limited to discharges which violate public policy, defined as the policy underlying existing laws "designed to protect the property rights, personal freedoms, health, safety, or welfare of the people." *Id.* at 468.

The Policy's Introduction provides, in pertinent part:

> The goal of the adoption of this ASTA Policy on Suspected Misconduct and Dishonesty is to strengthen ASTA's long-standing commitments to honesty, integrity, and law abiding conduct as mandated by its Bylaws, and to further the implementation of those commitments by embracing applicable, contemporary, sound management practices developed to meet the requirements of whistle blower protection under the Sarbanes-Oxley Act of 2002, Public Law 107-204, Section 1107. ASTA's intention is to establish and maintain a business environment of fairness, sound ethics, and honesty for its members, employees, suppliers, and anyone else with whom it has a relationship. Maintaining such an environment requires the active assistance of every officer, director, official, manager, and employee every day.

The Policy is a private policy, limited to ASTA's members, employees, suppliers, and anyone else with whom it has a relationship, not a public policy designed to protect the property rights, personal freedoms, health, safety, or welfare of the people.

Here, Plaintiff's employment may be terminated at will, without exception, and the Policy is subsumed by Plaintiff's and ASTA's at-will employment agreement. Accordingly, Defendant's Demurrer to Counts I and II of the Complaint are sustained.